## BERGOON y BERK et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1259. Decided May 4, 1934

John T. Edwards, Dayton, John C. Romer, Dayton, for plaintiff in error.

R. N. Brumbaugh, Dayton, and Fred Hershey, Dayton, for defendants in error.

SHERICK, J, (5th Dist) sitting by designation.

## OPINION

By BARNES, J.

We find no; prejudicial error in the admission or rejection of evidence. In only two instances where the court sustained objection to evidence offered by plaintiff was the record protected by an offer to prove. In the two instances mentioned the same substance was afterwards introduced in evidence by the same witness by changing the form of question.

The rule generally on the introduction of evidence was very fair to the plaintiff.

It is urged that the charge of the court was incomplete in that it did not embody all the important facts at issue. The brief of counsel for plaintiff in error fails to point out specifically the claimed omissions. Our examination leads us to the conclusion that the instructions to the jury were very clearly, adequately and correctly given.

The claimed repetition on pages 249 and 250 of the record is not objectionable. The court was correctly presenting the law as it applied to the contestants and the proponents.

At page 252 the court made the following statement to the jury:

"You as jurors are not at liberty to make a will for her." Counsel for plaintiff thinks this is misleading, confusing and prejudicial. Taken in connection with the substance then being presented to the jury, the court was correctly advising them that it was not within their province to determine what wills should have been made but rather was the instrument under consideration in fact the last will and testament of the testatrix. Counsel for plaintiff in error make the further claim that the

court at the close of his charge to the jury, after consultation with counsel gave a further instruction on the question of undue influence and urged that that this was overemphasizing the evidence touching this single issue. Reading the charge as a whole, we find nothing prejudicial in the court's giving this additional instruction. We might further say that in our judgment, there is a total absence of any evidence supporting the claim of undue influence.

The answer to interrogatory No. 5 is not inconsistent with the general verdict.

On the question of the weight of the evidence, there is a clear conflict in the testimony. It is not the province of a reviewing court to molest the verdict of the jury, unless it is so manifestly against the weight of the evidence as to shock the conscience, if permitted to stand.

There is no such situation in this case.

Finding no prejudicial error, the orders, findings and judgment of the court below will be affirmed.

Costs will be adjudged against plaintiff in error.

Entry may be presented in accordance with the above findings.

HORNBECK, PJ, and SHERICK, J, concur.